UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br><br>                    Plaintiff,<br><br>     - against -<br><br>FORBES MEDIA LLC<br><br>                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Steve Sands ("Sands" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Forbes Media LLC ("Forbes") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a photograph of actors Jesse Eisenberg and Kristen Stewart on the set of Woody Allen's film Café Society, owned and registered by Sands, a New York City based photojournalist. Accordingly, Sands seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Sands is a professional photojournalist in the business of licensing his photographs to online, print and television stations for a fee, having a usual place of business at 568 Grand Street., Apt. J903, New York, NY 10002. Sands' photographs have appeared in many publications around the United States.

6. Upon information and belief, Forbes is a limited liability company duly organized and existing under the laws of the State of the Delaware, with a place of business at 499 Washington Blvd., Jersey City, NJ 07310. Upon information and belief, Forbes is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Forbes has owned and operated a website at the URL: Forbes.com (the "Website").

## STATEMENT OF FACTS

**A. Background and Plaintiff's Ownership of the Photograph**

7. Sands photographed actors Jessie Eisenberg and Kristen Stewart on the set of Woody Allen's new film Café Society (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Sands is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

9. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-009-612.

B.     **Defendant's Infringing Activities**

10.    Upon information and belief, on or about July 16, 2016, Forbes ran an article on the Website entitled *Friday Box Office: Woody Allen's 'Café Society' Earns $114K in Five Theaters.* See http://www.forbes.com/sites/scottmendelson/2016/07/16/friday-box-office-woody-allens-cafe-society-earns-114k-in-five-theaters/#2497a20ee2f5. The article prominently featured the Photograph on the Website. A true and correct copy of the Photograph on the Website is attached hereto as Exhibit B.

11.    Forbes did not license the Photograph from Plaintiff for its article, nor did Forbes have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST FORBES)**
**(17 U.S.C. §§ 106, 501)**

12.    Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-11 above.

13.    Forbes infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the the Photograph on the Website. Forbes is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

14.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

15.    Upon information and belief, the foregoing acts of infringement by Forbes have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

16. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

17. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

18. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

19. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST FORBES
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Forbes intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

22. The conduct of Forbes violates 17 U.S.C. § 1202(b).

23. Upon information and belief, Forbes's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

24.     Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Forbes intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Forbes also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

25.     As a result of the wrongful conduct of Forbes as alleged herein, Plaintiff is entitled to recover from Forbes the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Forbes because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

26.     Alternatively, Plaintiff may elect to recover from Forbes statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Forbes be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Forbes be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Defendant, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees and all persons or entities acting in concert or participation with Defendant, be enjoined from copying, reproducing,

        distributing, adapting, or publicly displaying Plaintiff's Photograph, pursuant to 17 U.S.C. § 502.

4. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

5. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

6. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

7. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

8. That Plaintiff be awarded pre-judgment interest; and

9. Such other and further relief as the Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
September 15, 2016

                                                                          LIEBOWITZ LAW FIRM, PLLC

                                                                By: <u>/s/ Richard Liebowitz</u>
                                                                       Richard P. Liebowitz
                                                11 Sunrise Plaza, Suite 305
                                                Valley Stream, NY 11580
                                                Tel: (516) 233-1660
                                                RL@LiebowitzLawFirm.com

                                                *Attorneys for Plaintiff Steve Sands*